UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JESSE EDWARD ANDERSON, ) | Civil Action No.: 4:20-cv-02984-TER |
| Plaintiff, ) | |
| ) | **ORDER** |
| -vs- ) | |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits(DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I. RELEVANT BACKGROUND

**A.    Procedural History**

Plaintiff filed an application on November 17, 2017, alleging disability beginning on May 24, 2013. (Tr. 10). His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on September 10, 2019, at which time Plaintiff and a vocational expert (VE) testified. (Tr. 10). The Administrative Law Judge (ALJ) issued an unfavorable decision on October 8, 2019, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 10-20). Plaintiff filed a request for review of the ALJ's decision. The Appeals

---

[1] Kilolo Kijakazi is the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted for Defendant Andrew Saul who was the Commissioner of Social Security when this action was filed.

Council denied the request for review. On August 19, 2020, Plaintiff filed this action. (ECF No. 1).

**B.    Plaintiff's Background and Medical History**

Plaintiff was born on March 27, 1954, and was sixty-four years old on the date last insured. (Tr. 18). Plaintiff has past relevant work as an automobile body repairer and automobile repair service. (Tr. 17-18). Plaintiff alleges disability originally due bipolar disorder, ADD, ADHD, OCD, GERD, heart condition, inability to multi-task, short term memory loss, difficulty communicating with other, difficulty sleeping/insomnia, confused, anxious, irritated, panic attacks, frequent urination, and kneeling/squatting limitations. (Tr. 66).

**C.    The ALJ's Decision**

In the decision of October 8, 2019, the ALJ made the following findings of fact and conclusions of law (Tr. 10-20):

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2018.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of May 24, 2013 through his date last insured of December 31, 2018 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: bipolar disorder, attention-deficit/hyperactivity disorder, general anxiety disorder, obsessive compulsive disorder, and personality disorder (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the work must be unskilled work not performed at a production rate pace. The claimant can maintain concentration, persistence,

      and pace for 2-hour periods during a workday. The claimant can have occasional and casual interaction with supervisors, coworkers, and the public. The claimant requires a stable work environment, which means few and infrequent changes to the work routine.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 27, 1954 and was 64 years old, which is defined as an individual of advanced age, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 24, 2013, the alleged onset date, through December 31, 2018, the date last insured (20 CFR 404.1520(g)).

## II. DISCUSSION

Plaintiff argues the ALJ erred in the RFC determination by not explaining the phrase "not performed at a production rate pace" and failing to explain the determination that Plaintiff could have occasional casual interaction with the public, coworkers, and supervisors. Plaintiff argues the ALJ erred in evaluating NP Stutts' opinion. Plaintiff argues the ALJ erred in the subjective symptom evaluation. The Commissioner argues the decision was supported by substantial evidence.

**A.     LEGAL FRAMEWORK**

### 1.     The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5)

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20

whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the

---

C.F.R. § 404.1520(h).

Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.    ANALYSIS**

Plaintiff argues the ALJ erred in the RFC determination by not explaining the phrase "not performed at a production rate pace."

An adjudicator is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *2. This ruling provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8, *7. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* Additionally, " 'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.' " *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (*quoting Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See Craig*, 76 F.3d at 595.

Plaintiff argues the ALJ erred in the RFC determination by not explaining the phrase "unskilled work not performed at a **production rate pace**." (Tr. 14).

The RFC language in published *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019) was "no work requiring a **production rate or demand pace**." *Id.* The Fourth Circuit Court of Appeals remanded, holding that "production rate or demand pace" are not common terms and are not common enough for the court to know what they mean without explanation.[4] The RFC evaluation

---

[4] Defendant urges the court to not follow the holding in *Thomas* and argues "a reviewing court can understand the meaning behind the phrase." (ECF No. 27 at 19). However, this court is bound by the precedential *Thomas*. Also, Defendant's citation to *Sizemore v. Berryhill*, 878 F.3d

7

was found to frustrate meaningful review. *Id.* at 312-313. *Thomas* is controlling published persuasive case law in this circuit. Two months after *Thomas* in an unpublished case, the Fourth Circuit Court of Appeals found the RFC of "**non-production oriented work setting**" also required the court to guess how the ALJ arrived at such conclusion, left uncertain the intention, and cited to *Thomas* and Seventh Circuit Court of Appeals case *Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015), which found that the failure to define **"fast paced production"** made it impossible to assess whether a person with the claimant's limitations could maintain the pace found. *Perry v. Berryhill*, 765 Fed. Appx. 869, 982-873 (4th Cir. March 8, 2019)(unpublished).

After *Perry* and *Thomas*, judges in this court considered these issues. In *Posey v. Berryhill*, No.0:18-1189-RMG-PJG, 2019 WL 242405, *4 (D.S.C. May 7, 2019), *Thomas* and *Perry* were cited where the claimant in *Posey* had an RFC of **"no production rate or pace work"** and such was found to be unclear whether previously found limitations were adequately accounted for because the definition of the terms were unclear. *Id.* at *4. In *Palmer v. Saul*, No. 6:19-cv-885-DCC-KFM, 2020 WL 1854126 (D.S.C. March 17, 2020), citing *Posey, Perry,* and *Thomas*, an RFC of "not at a **production rate pace**" was found to be subject to remand as it was unclear how the ALJ arrived at the conclusion and meaningful review was frustrated based on the terms used due to the precedential case law. *Palmer v. Saul*, No. 6:19-cv-885-DCC-KFM, 2020 WL 1854126, *8-10 (D.S.C. March 17, 2020).[5]

---

72 (4th Cir. 2017)(two years before *Thomas*) is distinguishable as Sizemore had different additional limitations of low stress setting, no fast paced work, and no public contact. (ECF No. 27 at 21). *Perry* also distinguished *Sizemore*. *Perry v. Berryhill*, 765 Fed. Appx. 869, 872, n.1 (4th Cir. March 8, 2019)(unpublished).

[5] *See also Ursula G. v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-18-1841, 2019 WL 2233978, at *2 (D. Md. May 23, 2019)(remanding because the " term 'production pace' is

The RFC of "unskilled work not performed at a **production rate pace**" frustrates meaningful review based on the terms used pursuant to the remand findings in all the above discussed cases. (Tr. 14). There may be substantial evidence to support the ALJ's findings and conclusions; however, the court is unable to conduct a proper review as presented.

In light of the court's finding that this matter should be remanded for further consideration, the court need not address Plaintiff's remaining issues. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). However, upon remand, the ALJ should address all of Plaintiff's remaining issues, including but not limited to social interaction limitations, NP Stutts' opinion, and the subjective symptom evaluation, and evaluate those in accordance with the applicable law, regulations, and policies.

## CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Accordingly, pursuant to the power of the Court to enter a judgment affirming,

---

directly analogous to the term deemed problematic in *Thomas*" and finding reference to the use of "production rate pace" in the DOT was unhelpful as no definition was provided); *Virginia F. v. Saul*, No. 4:19-CV-00026, 2020 WL 6737876, at *4 (W.D. Va. Nov. 13, 2020)(remanding and finding "when an ALJ uses 'fixed production rate pace' or other similar undefined term in a claimant's RFC, the ALJ must adequately explain what that term means" and addressing *Sizemore* and *Perry*); *Xavier S. v. Saul*, 2020 WL 1015816, at *24 (E.D. Va. Mar. 2, 2020) (addressing *Thomas* and *Perry*, finding *Sizemore* distinguishable, and finding "the ALJ does not provide enough information to understand the meaning of the term "no production rate for pace of work," thereby making it difficult for the court to assess whether its inclusion in plaintiff's residual functional capacity is supported by substantial evidence").

modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

October 25, 2021
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge